1    Stan S. Mallison, (SBN 184191)
     Hector R. Martinez (SBN 206336)
2    Marco A. Palau (SBN 242340)
     LAW OFFICES OF MALLISON & MARTINEZ
3    1042 Brown Avenue
     Lafayette, CA  94549
4    Telephone: (925) 283-3842
     Facsimile:  (925) 283-3426
5    stanm@mallisonlaw.com
     hectorm@themmlawfirm.com
6    mpalau@themmlawfirm.com

7    Attorneys for PLAINTIFFS

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         FRESNO DIVISION

11
                                          | Case No.
12
                                          | **COMPLAINT FOR:**
13   RIGOBERTO FLORES, JUAN FLORES, ELADIO
     FLORES and JOEL VERDUGO on behalf of      1. **Violations of the Agricultural**
14   themselves, the State of California and all current   **Workers Protection Act**
     and former employees of DEFENDANTS,       2. **Violations of Unfair Competition**
15                                                **law for Violation of Federal**
                    PLAINTIFFS,                   **Record Keeping Requirements**
16                                             3. **Failure to Pay Overtime Wages**
            vs.                                4. **Failure to Pay Minimum Wages**
17                                             5. **Failure to Provide Rest Periods**
                                               6. **Failure to Provide Meal Periods**
18   EDWIN GENASCI, GENASCI RANCH, LP and     7. **Failure to Pay Timely Wages**
     GENASCI DAIRY, INC., a California Corporation,   **Due at Termination**
19                                             8. **Failure to Maintain and Provide**
                    DEFENDANTS.                   **Accurate Itemized Employee**
20                                               **Wage Statements and Records**
                                               9. **Violation of Unfair Competition**
21                                                **Law**
                                              10. **California Labor Code Private**
22                                                **Attorney General Act Remedies**

23                                         | **DEMAND FOR JURY TRIAL**

24

25

26

27

28
                                    1
     Complaint – Demand for Jury Trial

1    PLAINTIFFS RIGOBERTO FLORES, JUAN FLORES, ELADIO FLORES and JOEL

2    VERDUGO (collectively "PLAINTIFFS") bring this action against EDWIN GENASCI,

3    GENASCI RANCH, LP and GENASCI DAIRY, INC. (collectively "DEFENDANTS") on

4    behalf of themselves, the State of California and all other current and former employees of

5    DEFENDANTS.  PLAINTIFFS assert the allegations herein on information and belief based

6    upon the investigation of their counsel, except the allegations concerning PLAINTIFFS, which

7    are made upon PLAINTIFFS' personal knowledge, as follows:

8

9                          **I.      NATURE OF THE ACTION**

10        1.      This is a action is brought by PLAINTIFFS to vindicate the rights afforded them

11    by the Migrant and Seasonal Agricultural Workers Protection Act ("AWPA"), 29 U.S.C. §§

12    1801 *et seq.*; the California Labor Code §§ 200 *et seq*. and the Unfair Competition Law

13    ("UCL"), California Business and Professions Code §§ 17200 *et seq*. In addition, PLAINTIFFS

14    seek penalties for the underlying California Labor Code violations on behalf of themselves, the

15    State of California and DEFENDANTS' current and former employees, pursuant to the

16    California Labor Code's Private Attorney General Act ("PAGA"), Labor Code §§ 2698 *et seq*.

17    As held by the California Supreme Court in *Arias v. Sup. Ct. (Angelo Dairy)*, 46 Cal.4th 969

18    (2009), aggrieved employees have a substantive right to act as a proxy or agent of the State of

19    California in seeking penalties for the State and workforce, and although these aggrieved

20    employees are empowered to do so in a representative fashion, the class action requirements do

21    not apply. As such, this action is brought on behalf of DEFENDANTS' entire workforce and the

22    State for PAGA penalty purposes only, and on behalf of themselves only for all other purposes.

23    Class action requirements are therefore not applicable.

24        2.      DEFENDANTS' violations revolve around (1) providing PLAINTIFFS false and

25    misleading information regarding the terms and conditions of their employment; (2) violating the

26    terms of the working arrangement made with PLAINTIFFS; (3) failing to pay wages when due;

27    (4) failing to pay employees all wages owed, including minimum and overtime wages, and

28

1

Complaint – Demand for Jury Trial

premium rest, meal and split-shift wages; (5) failing to provide rest and meal periods; and (6)
failing to comply with the record keeping, wage statement and payment deadline provisions of
California law, the Fair Labor Standards Act ("FLSA"), and AWPA.   As a result of these
violations, DEFENDANTS have violated provisions of federal and California labor laws and
California Business & Professions Code §§ 17200 et seq.

3.     The final cause of action is brought as a non-class, representative action under the
California Labor Code's Private Attorneys General Act ("PAGA") claim. Although
representative in nature, the PAGA claim does not require class certification. The penalties that
may be collected on behalf of the State and workforce stem from the underlying labor code and
wage order violations that are at issue in this action and set forth under the First through Eight
Claims for Relief.

## II.     JURISDICTION, VENUE, INTRADISTRICT ASSIGNMENT

4.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 pursuant to
29 U.S.C. § 1854, covering claims arising under the Migrant and Seasonal Agricultural Worker
Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq.; and under 28 U.S.C. § 1337 as an action
arising under Acts of Congress regulating commerce.  This Court is empowered to grant
declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202.

5.     This Court has supplemental jurisdiction over the California state law claims
under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form
part of the same case and controversy under Article III of the U.S. Constitution.

6.     Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391
because PLAINTIFFS and DEFENDANTS reside in this District; a substantial part of the events
or omissions giving rise to the claims occurred in this District; and this District is the proper
district under 29 U.S.C. § 1854.

## INTRADISTRICT ASSIGNMENT

7.     This case is properly assigned to the Fresno Division of the Eastern District of
California pursuant to Local Rule 3-120(d).

2

Complaint – Demand for Jury Trial

1

2

### III.    **PARTIES**

3

**PLAINTIFFS**

4        8.      Plaintiff RIGOBERTO FLORES is a California resident.  At all relevant times

5    herein, RIGOBERTO FLORES has been employed by DEFENDANTS as a non-exempt

6    employee at DEFENDANTS' dairy facilities. RIGOBERTO FLORES was hired pursuant to a

7    working arrangement or written or implied employment contract that impliedly or explicitly

8    promised to pay RIGOBERTO FLORES wages in conformance with California wage and hour

9    requirements.  The terms of any written or implied contract or working arrangement terms are

10    contained within records that DEFENDANTS control, as well as in the laws and regulations

11    containing California wage and hour requirements.  By operation of law and implied into any

12    employment contract and working arrangement, RIGOBERTO FLORES must be paid in

13    conformance with California labor laws and therefore be paid at least a minimum wage of $6.75

14    per hour for all hours worked during the years 2003-2006, $7.50 for all hours worked during

15    2007 and, beginning in 2008, $8.00 for all hours worked; and must be paid in conformance with

16    other wages and conditions set by California Law and the Wage Orders. RIGOBERTO FLORES

17    is or was an agricultural worker, within the meaning of 29 U.S.C. § 1802(10), and is or was

18    employed, within the meaning of 29 U.S.C. § 1802(3), by DEFENDANTS to work in

19    DEFENDANTS' agricultural operations in or near Stanislaus County at various times during the

20    past four years. As a result of DEFENDANTS' violations of California and Federal labor laws

21    and the Business & Professions Code, RIGOBERTO FLORES has suffered injury in fact and has

22    lost money or property. RIGOBERTO FLORES is, or was a seasonal and/or migrant agricultural

23    worker, within the meaning of 29 U.S.C. § 1802, and is an aggrieved employee pursuant to

24    California Labor Code § 2699. RIGOBERTO FLORES was paid salary regardless of the actual

25    time worked, resulting in failure to pay all wages earned. DEFENDANTS had a policy of not

26    scheduling or otherwise communicating the right to rest and meal breaks, nor of relieving

27    employees including RIGOBERTO FLORES of all duties so that he could take rest and meal

28

3

Complaint – Demand for Jury Trial

1   breaks, such that RIGOBERTO FLORES and other employees were not provided rest and meal

2   breaks or paid additional wages in lieu thereof. These violations occurred during both the peak

3   season as well as the slack summer season when milk production diminished.

4        9.    Plaintiff JUAN FLORES is a California resident.  At all relevant times herein,

5   JUAN FLORES has been employed by DEFENDANTS as a non-exempt employee at

6   DEFENDANTS' dairy facilities. JUAN FLORES was hired pursuant to a working arrangement

7   or written or implied employment contract that impliedly or explicitly promised to pay JUAN

8   FLORES wages in conformance with California wage and hour requirements.  The terms of any

9   written or implied contract or working arrangement terms are contained within records that

10  DEFENDANTS control, as well as in the laws and regulations containing California wage and

11  hour requirements.  By operation of law and implied into any employment contract and working

12  arrangement, JUAN FLORES must be paid in conformance with California labor laws and

13  therefore be paid at least a minimum wage of $6.75 per hour for all hours worked during the

14  years 2003-2006, $7.50 for all hours worked during 2007 and, beginning in 2008, $8.00 for all

15  hours worked; and must be paid in conformance with other wages and conditions set by

16  California Law and the Wage Orders. JUAN FLORES is or was an agricultural worker, within

17  the meaning of 29 U.S.C. § 1802(10), and is or was employed, within the meaning of 29 U.S.C.

18  § 1802(3), by DEFENDANTS to work in DEFENDANTS' agricultural operations in or near

19  Stanislaus County at various times during the past four years. As a result of DEFENDANTS'

20  violations of California and Federal labor laws and the Business & Professions Code, JUAN

21  FLORES has suffered injury in fact and has lost money or property. JUAN FLORES is, or was a

22  seasonal and/or migrant agricultural worker, within the meaning of 29 U.S.C. § 1802, and is an

23  aggrieved employee pursuant to California Labor Code § 2699. JUAN FLORES was paid salary

24  regardless of the actual time worked, resulting in failure to pay all wages earned.

25  DEFENDANTS had a policy of not scheduling or otherwise communicating the right to rest and

26  meal breaks, nor of relieving employees including JUAN FLORES of all duties so that he could

27  take rest and meal breaks, such that JUAN FLORES and other employees were not provided rest

28

4

Complaint – Demand for Jury Trial

1  and meal breaks or paid additional wages in lieu thereof. These violations occurred during both

2  the peak season as well as the slack summer season when milk production diminished.

3        11.     Plaintiff JOEL VERDUGO (hereafter "VERDUGO") is a California resident.  At

4  all relevant times herein, VERDUGO has been employed by DEFENDANTS as a non-exempt

5  employee at DEFENDANTS' dairy facilities. VERDUGO was hired pursuant to a working

6  arrangement or written or implied employment contract that impliedly or explicitly promised to

7  pay VERDUGO wages in conformance with California wage and hour requirements.  The terms

8  of any written contract or working arrangement terms are contained within records that

9  DEFENDANTS control, as well as in the laws and regulations containing California wage and

10 hour requirements.  By operation of law and implied into any employment contract and working

11 arrangement, VERDUGO must be paid in conformance with California labor laws and therefore

12 be paid at least a minimum wage of $6.75 per hour for all hours worked during the years 2003-

13 2006, $7.50 for all hours worked during 2007 and, beginning in 2008, $8.00 for all hours

14 worked; and must be paid in conformance with other wages and conditions set by California Law

15 and the Wage Orders. VERDUGO is or was an agricultural worker, within the meaning of 29

16 U.S.C. § 1802(10), and is or was employed, within the meaning of 29 U.S.C. § 1802(3), by

17 DEFENDANTS to work in DEFENDANTS' agricultural operations in or near Stanislaus County

18 at various times during the past four years. As a result of DEFENDANTS' violations of

19 California and Federal labor laws and the Business & Professions Code, VERDUGO has

20 suffered injury in fact and has lost money or property. VERDUGO is, or was a seasonal and/or

21 migrant agricultural worker, within the meaning of 29 U.S.C. § 1802, and is an aggrieved

22 employee pursuant to California Labor Code § 2699. VERDUGO was paid salary regardless of

23 the actual time worked, resulting in failure to pay all wages earned. DEFENDANTS had a policy

24 of not scheduling or otherwise communicating the right to rest and meal breaks, nor of relieving

25 employees including VERDUGO of all duties so that he could take rest and meal breaks, such

26 that VERDUGO and other employees were not provided rest and meal breaks or paid additional

27 wages in lieu thereof. These violations occurred during both the peak season as well as the slack

28

5

Complaint – Demand for Jury Trial

1  summer season when milk production diminished.

2      12.    Plaintiff ELADIO FLORES is a California resident.  At all relevant times herein,

3  ELADIO FLORES has been employed by DEFENDANTS as a non-exempt employee at

4  DEFENDANTS' dairy facilities. ELADIO FLORES was hired pursuant to a working

5  arrangement or written or implied employment contract that impliedly or explicitly promised to

6  pay ELADIO FLORES wages in conformance with California wage and hour requirements.  The

7  terms of any written or implied contract or working arrangement terms are contained within

8  records that DEFENDANTS control, as well as in the laws and regulations containing California

9  wage and hour requirements.  By operation of law and implied into any employment contract and

10  working arrangement, ELADIO FLORES must be paid in conformance with California labor

11  laws and therefore be paid at least a minimum wage of $6.75 per hour for all hours worked

12  during the years 2003-2006, $7.50 for all hours worked during 2007 and, beginning in 2008,

13  $8.00 for all hours worked; and must be paid in conformance with other wages and conditions

14  set by California Law and the Wage Orders. ELADIO FLORES is or was an agricultural worker,

15  within the meaning of 29 U.S.C. § 1802(10), and is or was employed, within the meaning of 29

16  U.S.C. § 1802(3), by DEFENDANTS to work in DEFENDANTS' agricultural operations in or

17  near Stanislaus County at various times during the past four years. As a result of

18  DEFENDANTS' violations of California and Federal labor laws and the Business & Professions

19  Code, ELADIO FLORES has suffered injury in fact and has lost money or property. ELADIO

20  FLORES is, or was a seasonal and/or migrant agricultural worker, within the meaning of 29

21  U.S.C. § 1802, and is an aggrieved employee pursuant to California Labor Code § 2699.

22  ELADIO FLORES was paid salary regardless of the actual time worked, resulting in failure to

23  pay all wages earned. DEFENDANTS had a policy of not scheduling or otherwise

24  communicating the right to rest and meal breaks, nor of relieving employees including ELADIO

25  FLORES of all duties so that he could take rest and meal breaks, such that ELADIO FLORES

26  and other employees were not provided rest and meal breaks or additional wages in lieu thereof.

27  These violations occurred during both the peak season as well as the slack summer season when

28

6

Complaint – Demand for Jury Trial

1    milk production diminished.

2         13.    On information and belief, PLAINTIFFS' injury-in-fact amounts to many tens of

3    thousands of dollars, if not more. PLAINTIFFS and current and former employees of

4    DEFENDANTS were regularly subjected to the violations described in this Complaint and, as a

5    result, DEFENDANTS are liable to the State of California and the workforce for thousands of

6    dollars if not more in penalties. PLAINTIFFS and the workforce have knowledge of the working

7    conditions that surround the allegations herein.

8

9    **DEFENDANTS**

10         14.    The allegations as to Defendant Edwin Genasci ("EDWIN GENASCI") are made

11    on information and belief. EDWIN GENASCI has owned, controlled and/or operated

12    DEFENDANTS' dairy operations, GENASCI RANCH, LP and GENASCI DAIRY, INC.,

13    during the relevant time. These dairy operations are or were located in Stanislaus County in

14    California, including at 6555 Blue Gum Avenue, Modesto, California. EDWIN GENASCI has

15    been responsible during the relevant time for creating, implementing and/or carrying out the

16    wage and hour policies described in this complaint. EDWIN GENASCI has violated provisions

17    of the California Labor Code and Wage Orders concerning wages and hours due to these

18    policies, or has caused violations of the California Labor Code and Wage Orders concerning

19    wages and hours due to these policies. Pursuant to California Labor Code § 558 and PAGA,

20    EDWIN GENASCI is personally liable for the penalties and wages recoverable under these

21    statutes. EDWIN GENASCI has been a joint employer of PLAINTIFFS and the workforce, or an

22    agent of the employer. At all relevant times, EDWIN GENASCI has been a majority owner of

23    the dairy operations and has exercised sufficient control over the employment relationship with

24    PLAINTIFFS by, among other things, hiring and firing employees, signing checks, establishing

25    work schedules, setting rest and meal period policies, setting pay policies and exercising control

26    over employees' working conditions.  EDWIN GENASCI is, therefore, also liable for "causing"

27    the wage and hour violations at issue in this complaint, pursuant to PAGA and Labor Code § 558

28

7

Complaint – Demand for Jury Trial

1   and other provisions of the labor code.

2        10.    The allegations as to Defendant Genasci Ranch, LP ("GENASCI RANCH") are

3   made on information and belief. Defendant GENASCI RANCH employed PLAINTIFFS and

4   other employees during the relevant time. GENASCI RANCH is a dairy operation in Stanislaus

5   County California, including the dairy located at 6555 Blue Gum Avenue, Modesto, California.

6   EDWIN GENASCI is a principal of GENASCI RANCH. GENASCI RANCH is a California

7   Limited Partnership whose Agent for Service of Process is EDWIN GENASCI, 6555 BLUE

8   GUM RD. MODESTO, CA 95358. GENASCI RANCH is sued herein as an employer, joint

9   employer, and/or "person" who "caused" violations of California wage and hour provisions,

10  pursuant to PAGA and Labor Code § 558 and other provisions of the labor code.

11       11.    The allegations as to Defendant Genasci Dairy, Inc. ("GENASCI DAIRY") are

12  made on information and belief.  Defendant GENASCI DAIRY employed PLAINTIFFS and

13  other employees during the relevant time. GENASCI DAIRY is a dairy operation in Stanislaus

14  County California, including the dairy located at 6555 Blue Gum Avenue, Modesto, California.

15  EDWIN GENASCI is a principal of GENASCI DAIRY. GENASCI DAIRY is a California

16  Corporation, C1094808, whose Agent for Service of Process is Oscar Genasci. GENASCI

17  DAIRY is sued herein as an employer, agent of the employer and/or person who "caused"

18  violations of California wage and hour provisions, pursuant to PAGA and Labor Code § 558 and

19  other provisions of the labor code.

20       12.    On information and belief, each Defendant violated or caused the violations at

21  issue in this complaint and their actions were knowing, willful, intentional and deliberate.  Each

22  Defendant is responsible in some manner for the occurrences herein alleged, and the damages

23  herein alleged were caused by each Defendant's conduct.  Collectively EDWIN GENASCI,

24  GENASCI RANCH, LP and GENASCI DAIRY, INC. are referred to herein as "GENASCI" or

25  "DEFENDANTS."

26

27

28

                                             8
Complaint – Demand for Jury Trial

# IV.    FACTUAL BACKGROUND

13.    This action seeks recovery of wages and compensation due and owing to PLAINTIFFS under federal and California laws for the maximum period allowed to the present including any tolling available.  It also seeks penalties for the State of California and all of DEFENDANTS' current and former employees pursuant to the PAGA. For at least four years prior to the filing of this action and to the present, DEFENDANTS maintained and enforced against PLAINTIFFS and other current and former employees, unlawful wage and hour practices and policies, including the following:

      a.    failing to pay minimum wages to PLAINTIFFS and other current and former employees, in violation of federal and California law, by (1) forcing workers to work "off-the-clock" without compensation; (2) paying workers a salary that did not account for all hours worked; and (3) paying a salary in violation of California law and AWPA;

      b.    failing to provide PLAINTIFFS and other current and former employees rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof, and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided, in violation of California law and AWPA;

      c.    requiring PLAINTIFFS and current and former employees to work at least five (5) hours without a meal period, and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided, in violation of California law and AWPA;

      d.    failing to pay PLAINTIFFS and current and former employees premium overtime wages in accordance with California Labor Code provisions and Industrial Welfare Commission Wage Orders, in violation of California law and AWPA;

9

1        e.      failing to pay PLAINTIFFS and current and former employees all wages

2             due upon voluntary or involuntary termination in violation of California

3             law and AWPA;

4        f.      failing to maintain and provide to PLAINTIFFS and current and former

5             employees accurate itemized wage statements as required by the

6             California Labor Code, FLSA and AWPA;

7        g.      failing to pay PLAINTIFFS and current and former employees statutory

8             waiting time penalties pursuant to California Labor Code §§ 201, 202, 203

9             and AWPA;

10       h.      violating the Unfair Competition Law (Business & Professions Code §§

11            17200 *et seq.*) due to the failures listed in (a) through (g) above,;

12       i.       violation of the terms of the "working arrangement" pursuant to AWPA

13            and state law;

14       j.       failure to pay wages when due pursuant to AWPA and state law and other

15            issues; and

16       k.       failure to disclose, or false representations regarding, the terms and

17            conditions of employment, and other violations described in this

18            complaint.

19     14.    On information and belief, PLAINTIFFS allege that DEFENDANTS were on

20 notice of the violations alleged herein and intentionally refused to rectify them, and that the

21 violations herein alleged, during all relevant times, were committed willfully and deliberately.

22     15.    PLAINTIFFS, for themselves, seek declaratory relief, statutory damages, actual

23 damages, interest, attorneys fees, costs, and/or injunctive relief pursuant to AWPA, 29 U.S.C.

24 §§ 1801 *et seq*. and the UCL, Business & Professions Code §§ 17200 *et seq.*

25     16.    PLAINTIFFS, for themselves, bring this action for damages, declaratory,

26 injunctive and other equitable relief, reasonable attorneys' fees and costs of suit; as well as for

27 restitution, restitutionary disgorgement and other remedies for DEFENDANTS' failure to

28

Complaint – Demand for Jury Trial

1    comply with the laws herein alleged.

2        17.    On behalf of the State and DEFENDANTS' workforce, PLAINTIFFS seek

3    penalties arising from the acts and omissions above that, in turn, constitute violations of Labor

4    Code and Wag Order provisions as described in this complaint. During all relevant times herein,

5    DEFENDANTS have made it difficult to account with precision for the unlawfully withheld

6    wages that DEFENDANTS owe to workers, because DEFENDANTS failed to implement and

7    preserve a record-keeping method to record all hours worked and wages earned by its

8    employees, as required for non-exempt employees by California Labor Code §§ 226 and

9    1174(d), the IWC wage orders, AWPA and FLSA.

10        18.    Defendants have violated California Labor Code § 226(a), 29 U.S.C. § 29 U.S.C.

11    § 211 and regulations under 29 C.F.R. § 516.1 et seq.  by failing accurately to itemize and report

12    in wage statements all wages earned and total hours worked by PLAINTIFFS and current and

13    former employees.  PLAINTIFFS are therefore entitled to statutory penalties not to exceed

14    $4000 for each employee pursuant to Labor Code § 226(e), injunctive and declaratory relief

15    pursuant to FLSA and the UCL, and actual and statutory damages pursuant to AWPA.

16

17              **V.    PAGA ALLEGATIONS**

18        19.    PLAINTIFFS bring this action on behalf of themselves, the State and all other

19    current and former employees of DEFENDANTS, pursuant to California's Private Attorney's

20    General Act.

21        20.    PLAINTIFFS are aggrieved within the meaning of California Labor Code § 2699,

22    because they were employed by DEFENDANTS, the alleged violators, and have suffered one or

23    more of the violations alleged herein.  Plaintiffs have satisfied all of their administrative

24    requirements pursuant to PAGA including all notice requirements to the State of California and

25    the State of California has decline to proceed and/or failed to proceed thereby vesting

26    PLAINTIFFS with the power to pursue these PAGA claims.

27        21.    PLAINTIFFS seek PAGA penalties for the State and current and former

28

Complaint – Demand for Jury Trial

1   employees of DEFENDANTS for violations of all pertinent provisions of the Labor Code and

2   Wage Orders, including but not limited to those enumerated throughout this complaint with

3   regard to PLAINTIFFS or the workforce.

4        22.    Although acting in a representative capacity on behalf of DEFENDANTS'

5   workforce, PLAINTIFFS may pursue PAGA penalties for the workforce and need not satisfy any

6   class certification requirements.

### VI.    CLAIMS FOR RELIEF

23.    All claims described herein are brought on behalf of PLAINTIFFS only, except

for the tenth claim, which is a PAGA enforcement claim brought for the State of California on a

non-class, representative basis seeking penalties for the state, PLAINTIFFS and current or

former employees.

### FIRST CLAIM

### (VIOLATION OF AWPA)

24.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

herein.

25.    PLAINTIFFS are engaged in "Agricultural Employment" within the meaning of

AWPA and its regulations. As 29 C.F.R. § 500.20 ("Definitions") states:

> (e) Agricultural employment means employment in any service or activity
> included within the provisions of section 3(f) of the Fair Labor Standards
> Act of 1938 (29 U.S.C. 203(f)), or section 3121(g) of the Internal Revenue
> Code of 1954 (26 U.S.C. 3121(g)) and the handling, planting, drying,
> packing, packaging, processing, freezing, or grading prior to delivery for
> storage of any agricultural or horticultural commodity in its
> unmanufactured state.

26.    Section 3(f) of the Fair Labor Standards Act of 1938 (29 U.SC. § 203(f)) defines

dairying as agriculture:

> (f) "Agriculture" includes farming in all its branches and among other
> things includes the cultivation and tillage of the soil, **dairying**, the
> production, cultivation, growing, and harvesting of any agricultural or
> horticultural commodities (including commodities defined as agricultural
> commodities in section 1141j(g) of title 12), the raising of livestock, bees,
> fur-bearing animals, or poultry, and any practices (including any forestry
> or lumbering operations) performed by a farmer or on a farm as an

Complaint – Demand for Jury Trial

incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market. (Emphasis added.)

27.    Similarly, 29 C.F.R. § 780.111 defines dairying as a farming operation:

§ 780.111  "Dairying" as a farming operation.

"Dairying" includes the work of caring for and milking cows or goats. It also includes putting the milk in containers, cooling it, and storing it where done on the farm….

As such, PLAINTIFFS are employed in agriculture employment in the farming operation of dairying.

28.    AWPA regulation 29 C.F.R. 500.20 ("Definitions") provides that:

For purposes of this part:

(p) Migrant agricultural worker means an individual who is employed in agricultural employment of a seasonal or other temporary nature, and who is required to be absent overnight from his permanent place of residence…

(2) Permanent place of residence, with respect to an individual, means a domicile or permanent home. Permanent place of residence does not include seasonal or temporary housing such as a labor camp. The term permanent place of residence for any nonimmigrant alien is that individual's country of origin.

…

(r) Seasonal agricultural worker means an individual who is employed in agricultural employment of a seasonal or other temporary nature and is not required to be absent overnight from his permanent place of residence: (1) When employed on a farm or ranch performing **field work** related to planting, cultivating, or harvesting operations; or (2) When employed in canning, packing, ginning, seed conditioning or related research, or processing operations, and transported, or caused to be transported, to or from the place of employment by means of a day-haul operation.

…

(ii) Field work related to planting, cultivating or harvesting operations includes all farming operations on a farm or ranch which are normally required to plant, harvest or produce agricultural or horticultural commodities, including the production of a commodity which normally occurs in the fields of a farm or ranch as opposed to those activities which generally occur in a processing plant or packing shed.

A worker engaged in the placing of commodities in a container in the field and on-field loading of trucks and similar transports is included. (Emphasis added.)

13

Complaint – Demand for Jury Trial

29.    PLAINTIFFS were engaged in work of a seasonal or temporary nature because they did "field work" relating to the farming operations on DEFENDANTS' ranch, and were normally required to harvest or produce dairy products and, in particular, milk in its unmanufactured state.  PLAINTIFFS were migrant and/or seasonal agricultural workers entitled to the protections and benefits of the AWPA, 29 U.S.C. §§ 1801 *et seq.* and were engaged in agricultural labor.  PLAINTIFFS were absent overnight from their permanent place of residence. The harvest or production of milk that PLAINTIFFS were engaged in is "seasonal" in that production slacks during the summer months. The work was of a temporary or seasonal nature and there is no guarantee of employment and the workers are of the very type of laborers Congress intended AWPA, as well as its predecessor statute, the 1976 Farm Labor Contractor Registration Act, to protect.

30.    As described in this complaint, DEFENDANTS intentionally violated PLAINTIFFS' rights under AWPA by:

- providing false and misleading information regarding the terms and conditions of employment of PLAINTIFFS and all current and former employees;

- failing to create, maintain, and preserve accurate payroll records for each Plaintiffs and all current and former employees for each pay period;

- violating the terms of the working arrangement made with PLAINTIFFS in California; and/or by

- failing to pay wages when due.

31.    For each violation of AWPA, PLAINTIFFS are entitled at their election to recover their actual damages *or* up to $500 per violation in statutory damages, pursuant to 29 U.S.C. § 1854.

**SECOND CLAIM**

**(VIOLATIONS OF UNFAIR COMPETITION LAW FOR VIOLATING FEDERAL RECORD KEEPING REQUIREMENTS)**

32.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

14

Complaint – Demand for Jury Trial

33.     DEFENDANTS engaged in unlawful activity prohibited by the FLSA and that constitutes unlawful and unfair business practices with the meaning of Business and Professions Code §§ 17200 *et seq.*

34.     As described above, DEFENDANTS have failed to preserve accurate records as required by 29 U.S.C. § 211 and regulations under 29 C.F.R. § 516.1 *et seq.* (including but not limited to 29 C.F.R. §§ 516.2; 29, 516.6 and 516.12).  This failure includes the failure to maintain and preserve accurate total daily or weekly straight-time earnings or "wages due" for hours worked as required by 29 C.F.R. § 516.2(a)(8).  "Wages due" is a term of art which incorporates state law in determining whether compliance has been obtained.  *See Medrano v. D'Arrigo Borthers Co. of California*, 336 F.Supp.2d 1053 (N.D.Cal. 2004).  As alleged in this complaint, PLAINTIFFS were not paid wages due and such wages due were not accurately recorded in DEFENDANTS' records in violation of 29 C.F.R. § 516.1 *et seq.*

35.     DEFENDANTS' activities also constitute *unfair* practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, because DEFENDANTS' practices violate the above noted federal laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to PLAINTIFFS and all current and former employees.

36.     As a result of DEFENDANTS' violations of the FLSA, PLAINTIFFS have suffered injury-in-fact and have lost money or property.  This injury-in-fact and loss of money or property consists of the lost wages, lowered social security benefits, and increased research, litigation costs, and attorney fees in correcting these violations. A tally of these damages cannot readily be determined as the employment records are held exclusively or nearly exclusively in DEFENDANTS' control.  PLAINTIFFS are entitled to restitution, an injunction, declaratory and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

37.     As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFFS.  DEFENDANTS

15

Complaint – Demand for Jury Trial

should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFFS the wrongfully withheld wages pursuant to Business and Professions Code § 17203. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS are unjustly enriched through their failure to pay legal wages. PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS are prejudiced by DEFENDANTS unfair trade practices.

38.    As a direct and proximate result of the unfair business practices of DEFENDANTS, and each of them, PLAINTIFFS are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS as a result of the business acts and practices described herein and enjoining DEFENDANTS to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code § 17208, including any tolling.

39.    The unlawful and unfair conduct alleged herein is continuing, and there is no indication that DEFENDANTS will refrain from such activity in the future. PLAINTIFFS believe and allege that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint they will continue to violate labor laws. PLAINTIFFS further requests that the court issue a preliminary and permanent injunction.

40.    WHEREFORE, PLAINTIFFS request relief as described herein and below.

**THIRD CLAIM**

**(FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION)**

41.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

42.    DEFENDANTS violated Labor Code § 510 and the various IWC wage orders which may apply to this case by failing to pay overtime pursuant to those provisions or orders, the latter of which are authorized under California Labor Code § 1185.

16

Complaint – Demand for Jury Trial

43.    California Labor Code § 500 defines "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

44.    As described herein, DEFENDANTS violated the IWC Wage Orders by employing PLAINTIFFS in excess of the limits provided by these wage orders without time and one-half or double-time pay.

45.    PLAINTIFFS may enforce these provisions pursuant to Labor Code § 1194(a) and Business and Professions Code §§ 17200 *et seq*.  California Labor Code §1194(a) states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

46.    WHEREFORE, PLAINTIFFS are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a) and AWPA.

## FOURTH CAUSE OF ACTION

### (FAILURE TO PAY MINIMUM WAGE)

47.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

48.    DEFENDANTS failed to pay minimum wage "for all hours worked."  For example, PLAINTIFFS were forced to work "off-the-clock" time without compensation. PLAINTIFFS were not paid for all work performed during the workday.

49.    California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

17

Complaint – Demand for Jury Trial

50.     The applicable minimum wages fixed by the commission for work during the

years 2002-2006 is found in the Wage Orders which state that:

> Every employer shall pay to each employee wages not less than . . . six
> dollars and seventy-five cents ($6.75) per hour for all hours worked
> effective January 1, 2002 . . .

These Orders were recently amended to provide for a minimum wage of $7.50 per hour for work

done during 2007 and $8.00 for work done in 2008.

51.     The minimum wage provisions of California Labor Code are enforceable by

private civil action pursuant to California Labor Code § 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee
> receiving less than the legal minimum wage or the legal overtime
> compensation applicable to the employee is entitled to recover in a civil
> action the unpaid balance of the full amount of this minimum wage or
> overtime compensation, including interest thereon, reasonable attorney's
> fees and costs of suit.

52.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages

incorporates the applicable Wage Order of the California Industrial Welfare Commission.

53.     California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the
> payment of a wage less than the minimum wages fixed by an order of the
> commission, an employee shall be entitled to recover liquidated damages
> in an amount equal to the wages unlawfully unpaid and interest thereon.

54.     DEFENDANTS have the ability to pay minimum wages for all time worked but

have willfully refused to pay such wages with the intent to secure a discount upon this

indebtedness, as well as to annoy, harass, oppress, hinder, delay or defraud PLAINTIFFS.

55.     As a result of DEFENDANTS' violations of the minimum wage requirement for

failure to record and pay wages for all hours worked, DEFENDANTS violated California Labor

Code § 226(a), the IWC Wage Orders and AWPA, inaccurately stating gross wages earned, total

hours worked, deductions, net wages, gross wages, and other issues as described above.  Because

these violations were intentional and willful, DEFENDANTS consequently violated California

Labor Code § 226.6, which provides that a violation of § 226 is a misdemeanor.

56.     WHEREFORE, PLAINTIFFS are entitled to recover the unpaid minimum wages,

18

Complaint – Demand for Jury Trial

liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon, reasonable attorney's fees and costs of suit, pursuant to California Labor Code § 1194, 1194.2 and AWPA.

## FIFTH CLAIM

## (FAILURE TO PROVIDE REST PERIODS)

57.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

58.    California Labor Code § 226.7 states:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

59.    DEFENDANTS violated California Labor Code § 226.7 and the wage orders by failing to authorize and permit rest periods and by failing to provide one hour of additional wages at the employees' regular rate of compensation for each work day that the rest periods were not provided.

60.    PLAINTIFFS did not voluntarily or willfully waive rest periods.   Any express or implied waivers obtained from PLAINTIFFS were not willfully obtained, were not voluntarily agreed to, were a condition of employment or part of an unlawful contract of adhesion. DEFENDANTS did not provide, permit or authorize PLAINTIFFS to take rest periods in accordance with the law.

61.    By failing to keep adequate time records as required by California Labor Code §§ 226 and 1174(d) and other sections of the Labor Code and the wage orders, DEFENDANTS have injured PLAINTIFFS and made it difficult to calculate the unpaid additional wages due.

62.    As a result of the unlawful acts of DEFENDANT, the PLAINTIFFS have been

19

Complaint – Demand for Jury Trial

deprived of premium wages, which is an amount resulting directly from the acts complained of.
PLAINTIFFS are entitled to recovery of such amounts, plus interest and penalties thereon,
attorneys' fees and costs, under Labor Code §§ 226.7, 1194(a) and AWPA.

63.    WHEREFORE, PLAINTIFFS are entitled to recover the unpaid additional or
premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to
California Labor Code §§ 1194(a), 226.7 and AWPA.

### SIXTH CLAIM

### (FAILURE TO PROVIDE MEAL PERIODS)

64.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth
herein.

65.    PLAINTIFFS allege that they worked for periods of more than five hours without
a duty-free meal period of no less than thirty minutes because such meal periods were not
provided, authorized or permitted while in the employ of DEFENDANTS.

66.    PLAINTIFFS allege that they were not compensated by DEFENDANTS for
failure to provide meal periods.

67.    California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or
rest period mandated by an applicable order of the Industrial Welfare
Commission.

(b) If an employer fails to provide an employee a meal period or rest
period in accordance with an applicable order of the Industrial Welfare
Commission, the employer shall pay the employee one additional hour of
pay at the employee's regular rate of compensation for each work day that
the meal or rest period is not provided.

68.    DEFENDANTS violated California Labor Code § 226.7 and Wage Orders by
failing to provide, authorize and/or permit mandated meal periods.  As such, DEFENDANTS are
liable for one hour of additional pay at each respective PLAINTIFFS' regular rate of
compensation for each workday that the meal periods were not lawfully provided.

69.    By failing to keep adequate time records as required by California Labor Code

20

Complaint – Demand for Jury Trial

§§ 226 and 1174(d) and other sections of the Labor Code and the wage orders, DEFENDANTS have injured PLAINTIFFS and made it difficult to calculate the unpaid additional wages due.

70.    As a result of the unlawful acts of DEFENDANTS, PLAINTIFFS have been deprived of premium wages resulting directly from the acts complained of. PLAINTIFFS are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, under Labor Code §§ 226.7, 1194(a) and AWPA.

71.    WHEREFORE, PLAINTIFFS are entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code §§ 226.7, 1194(a) and AWPA.

### SEVENTH CLAIM

### (FAILURE TO TIMELY PAY WAGES DUE AFTER DISCHARGE)

72.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

73.    California Labor Code Section 201(a) states:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

74.    California Labor Code Section 202(a)  states:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

75.    DEFENDANTS willfully failed to timely pay PLAINTIFFS all of their wages due for work performed and this failure continued through the time in which PLAINTIFFS quit or were discharged from their employment with DEFENDANTS.  As a result, DEFENDANTS violated California Labor Code §§ 201 and 202.

21

Complaint – Demand for Jury Trial

76.     California Labor Code §203 states:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose.

77.     The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code § 17208.  As noted above, DEFENDANTS violated California Labor Code §§ 201 and 202 by failing to pay all of the wages due pursuant to the timelines provided in those sections.  DEFENDANTS willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.

78.     PLAINTIFFS are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for work done "off-the-clock" and/or at hourly rates below the minimum wage; overtime wages; premium rest and meal period wages; and other claims described in this complaint, but to date have not received such compensation, therefore entitling them to penalties under Labor Code § 203.

79.     More than 30 days have passed since PLAINTIFFS left DEFENDANTS' employ, and on information and belief, have not received payment pursuant to Labor Code §§201, 202 and 203.  As a consequence of DEFENDANTS' willful conduct in not paying all earned wages, PLAINTIFFS are entitled to 30 days' wages as a premium wage or penalty under California Labor Code § 203.

80.     WHEREFORE, PLAINTIFFS are entitled to California Labor Code § 203 penalties in amounts to be determined at trial.


## EIGHTH CLAIM

### (KNOWING AND INTENTIONAL FAILURE TO PROVIDE ACCURATE, ITEMIZED EMPLOYEE WAGE STATEMENTS)

81.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

22

Complaint – Demand for Jury Trial

herein.

82.    California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

i)     gross wages earned,

ii)    total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

iii)   the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

iv)    all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

v)     net wages earned,

vi)    the inclusive dates of the period for which the employee is paid,

vii)   the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

viii)  the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

83.    DEFENDANTS failed to provide "accurate itemized statements" to PLAINTIFFS because the wage statements:

   a.    Falsely understated the net and gross wages earned because DEFENDANTS paid by salary, did not account for hours worked and did not pay all wages earned;

   b.    Failed to state the total hours worked because DEFENDANTS paid on a salary basis and failed to accurately record work periods, meal periods, hours worked; and understated and/or omitted hours worked; and

23

Complaint – Demand for Jury Trial

1

         c.    Falsely understated the "number of hours worked at each hourly
                rate" and omitted all applicable hourly rates

2 PLAINTIFFS suffered injury as a result of the above false wage statements, including

3 underpayment of wages, deception as to actual wages earned, and difficulty in calculating actual

4 wages earned, among other things.

5         84.    California Labor Code 226(e) and (g)  provides for the remedy for the violations

6 described above:

7       (e) An employee suffering injury as a result of a knowing and intentional
      failure by an employer to comply with subdivision (a) is entitled to
8       recover the greater of all actual damages or fifty dollars ($50) for the
      initial pay period in which a violation occurs and one hundred dollars
9       ($100) per employee for each violation in a subsequent pay period, not
      exceeding an aggregate penalty of four thousand dollars ($4,000), and is
10      entitled to an award of costs and reasonable attorney's fees.

11       (g) An employee may also bring an action for injunctive relief to ensure
      compliance with this section, and is entitled to an award of costs and
12     reasonable attorney's fees.

13         85.    In addition, Section 1174 of the California Labor Code, and Section 7 of the

14 Wage Orders, require DEFENDANTS to maintain and preserve, in a centralized location, among

15 other items, records showing the names and addresses of all employees employed, payroll

16 records showing the hours worked daily by and the wages paid to its employees.

17 DEFENDANTS have created a uniform practice of knowingly and intentionally failing to

18 comply with California Labor Code § 1174.  The failure of DEFENDANTS, and each of them,

19 to comply with California Labor Code § 1174 is unlawful pursuant to California Labor Code §

20 1175.  When an employer fails to keep such records, employees may establish the hours worked

21 solely by their testimony and the burden of overcoming such testimony shifts to the employer.

22 *Hernandez v. Mendoza*, 199 Cal. App. 3d 721 (1988).

23         86.    By failing to keep adequate time records required by Sections 226 and 1174 (d) of

24 the California Labor Code, DEFENDANTS have injured PLAINTIFFS and made it difficult to

25 calculate the unpaid wages due, and PLAINTIFFS are each entitled to up to $4,000.00 in

26 penalties.

27         87.    WHEREFORE, PLAINTIFFS are entitled to California Labor Code § 226(e)

28

Complaint – Demand for Jury Trial

1   penalties in an amount to be determined at trial, not to exceed $4,000 per PLAINTIFF, as well as

2   cost of suit, attorneys' fees and injunctive relief per California Labor Code § 226(g).

3

4                                         **NINTH CLAIM**

5   **(UNFAIR AND UNLAWFUL ACTS IN VIOLATION OF UNFAIR COMPETITION
                                LAW)**

6       88.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth

7   herein.

8       89.    DEFENDANTS engaged in unlawful activity prohibited by Business and

9   Professions Code §§17200 *et seq.*  The actions of DEFENDANTS as alleged within this

10  complaint, constitute unlawful and unfair business practices with the meaning of Business and

11  Professions Code §§17200 *et seq.*

12      90.    As described above, DEFENDANTS have engaged in the following unlawful

13  activities:

14          o   violation of California Labor Code §201 by failing to pay all
                wages earned but unpaid at the time of discharge from employment
15              by DEFENDANT;

16          o   violation of California Labor Code §202 by failing to pay all
                wages earned within 72 hours of the time of quitting from their
17              employment by DEFENDANT;

18          o   violation of California Labor Code §206 by failing to pay, without
                condition and within the time set by the applicable article, all
19              wages, or parts thereof, conceded by DEFENDANTS to be due;

20          o   violation of California Labor Code §216 by willfully refusing to
                pay wages due and payable by falsely denying the amount or
21              validity thereof, or that the same is due, with intent to secure for
                itself any discount upon such indebtedness, and with intent to
22              annoy, harass, oppress, hinder, delay, or defraud;

23          o   violation of California Labor Code §221-223 by secretly paying a
                lower wage to while purporting to pay the wage designated by
24              statute or by contract;

25          o   violation of California Labor Code §226 by failing to provide
                PLAINTIFFS with accurate wage statements;
26
27          o   committing a criminal misdemeanor in violation of California
                Labor Code §226.6 by knowingly and intentionally violating the
28              provisions of California Labor Code §226;

                                                25
    Complaint – Demand for Jury Trial

1
2
3

    o  violation of California Labor Code §226.7 by requiring PLAINTIFFS to work during meal and rest periods mandated by the applicable Wage Order and failing to provide them one (1) hour additional wages at the regular rate of compensation for each work day that the meal or rest period is not provided;

4

    o  violation of IWC wage orders by failing to pay overtime and minimum wages;

5
6

    o  violation of California Labor Code §§ 1182.11 and 1197 by failing to pay at least the minimum wage for all hours worked;

7

    o  violation of California Labor Code § 1194 by failing to pay minimum and/or overtime wages for all hours worked;

8
9

    o  violation of California Labor Code § 1194.2 by failing to pay liquidated damages as a result of minimum wage violations; and

10

    o  violation of AWPA's provisions.

11

      91.    DEFENDANTS' activities also constitute *unfair* practices in violation of Cal.

12

Bus. & Prof. Code §§17200 *et seq*., because DEFENDANTS' practices violate the above noted

13

laws, and/or violate an established public policy and/or the practice is immoral, unethical,

14

oppressive, unscrupulous, and substantially injurious to PLAINTIFFS.

15

      92.    As a result of DEFENDANTS' violations of the Labor Code, PLAINTIFFS

16

suffered injury-in-fact and have lost money or property as a result of DEFENDANTS' practices.

17

This injury-in-fact and lost money or property consists of the lost wages and other restitutionary

18

remedies provided by the Labor Code as detailed in this complaint and other resulting harms.  A

19

tally of these damages cannot readily be determined as the employment records are held

20

exclusively or nearly exclusively in DEFENDANTS' control.  PLAINTIFFS are entitled to

21

restitution, an injunction, declaratory and other equitable relief against such unlawful practices to

22

prevent future damage for which there is no adequate remedy at law, and to avoid a multiplicity

23

of lawsuits.

24

      93.    As a result of their unlawful acts, DEFENDANTS have reaped and continue to

25

reap unfair benefits and unlawful profits at the expense of PLAINTIFFS.  DEFENDANTS

26

should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to

27

PLAINTIFFS the wrongfully withheld wages pursuant to Business and Professions Code §

28

Complaint – Demand for Jury Trial

17203.  PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS are unjustly enriched through their failure to pay legal and contractual wages, and/or other remedies. PLAINTIFFS are informed and believe, and thereon allege, that PLAINTIFFS are prejudiced by DEFENDANTS' unfair trade practices.

94.    As a direct and proximate result of the unfair business practices of DEFENDANTS, and each of them, PLAINTIFFS are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS, and enjoining DEFENDANTS to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code § 17208, including any tolling.

95.    The unlawful and unfair conduct alleged herein is continuing, and there is no indication that DEFENDANTS will refrain from such activity in the future.  PLAINTIFFS believe and allege that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they will continue to violate California and federal labor laws.

96.    WHEREFORE, PLAINTIFFS request relief as described herein and below.

## TENTH CLAIM

**(PENALTIES FOR THE STATE AND CURRENT AND FORMER EMPLOYEES FOR VIOLATIONS OF PROVISIONS OF THE CALIFORNIA LABOR CODE AND WAGE ORDERS, PURSUANT TO LABOR CODE §§ 2698 ET SEQ.)**

97.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

98.    PLAINTIFFS submit this claim to include allegations pursuant to Labor Code §§ 2698 *et seq.* (The Private Attorneys General Act). PLAINTIFFS have complied with all of the administrative requirements listed in Labor Code § 2699.3, by giving notice to DEFENDANTS and the Labor & Workforce Development Agency ("LWDA") of the violations alleged herein and the theories and facts supporting those allegations, and by the LWDA's intention not to investigate.

Complaint – Demand for Jury Trial

99.    PLAINTIFFS are aggrieved employees as defined in Labor Code §2699(a). PLAINTIFFS bring this cause on behalf of themselves, the State of California and other current or former employees affected by the labor law violations alleged in this complaint. PLAINTIFFS have a substantive right, pursuant to the California Labor Code, to act as the agent or proxy of the State of California to enforce the labor laws and collect penalties for the State and workers; although acting in a representative capacity on behalf of current and former employees, the class certification requirements are not applicable, since PLAINTIFFS have satisfied the administrative requirements under PAGA, thus perfecting their status as representatives of DEFENDANTS' workforce. *Arias v. Superior Court*, 46 Cal.4th 969 (2009).

100.    PLAINTIFFS seek penalties for the State, themselves and current or former employees for violations of the Labor Code that provide for penalties pursuant to Labor Code § 2699(a). PLAINTIFFS also seek penalties for violations of Labor Code provisions that do not provide a penalty pursuant to Labor Code § 2699(f), which provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

PLAINTIFFS also seek civil penalties and wages as provided under applicable Labor Code sections for violations of the Labor Code alleged herein, including without limitation Labor Code § 558 and the Wage orders. PLAINTIFFS are also entitled to an award of attorneys' fees and costs as set forth below.

101.    The PAGA claims are also brought against DEFENDANTS pursuant to provisions of the Labor Code, including § 558 and the Wage Orders, that provide for liability of *persons* who violate or cause to be violated Labor Code and IWC regulations.  California Labor Code Section 2699 ("PAGA") states that:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an

Complaint – Demand for Jury Trial

1
aggrieved employee on behalf of himself or herself and other current or
former employees…

2
Any provision providing a penalty can be enforced through PAGA. One such provision is Labor

3
Code § 558, which states:

4
(a) Any employer **or other person** acting on behalf of an employer who
violates, or causes to be violated, a section of this chapter or any provision

5
regulating hours and days of work in any order of the Industrial Welfare
Commission shall be subject to a civil penalty as follows:

6

7
(1)     For any initial violation, fifty dollars ($50) for each underpaid
employee for each pay period for which the employee was underpaid
in addition to any amount sufficient to recover underpaid wages.

8

9
(2)     For each subsequent violation, one hundred dollars ($100) for
each underpaid employee for each pay period for which the employee
was underpaid in addition to an amount sufficient to recover underpaid

10
wages….

11
111.     The viability of holding persons liable by this method was discussed by the

12
California Supreme Court in *Reynolds v. Bement,* where the court noted that liability against

13
non-employers could be obtained through the use of PAGA and § 558:

14
Imposition of individual civil liability under the IWC employer definition
is not the only means by which an employee can seek recovery against a

15
corporate agent. "The Berman hearing procedure is designed to provide a
speedy, informal, and affordable method of resolving wage claims" (

16
Cuadra v. Millan, supra, 17 Cal.4th at p. 858, 72 Cal.Rptr.2d 687, 952
P.2d 704), and, as defendants concede, nothing in that process precludes

17
hearing officers from finding individual corporate agents liable for unpaid
wages when such liability is proven on established common law or

18
statutory theories. **Moreover, pursuant to section 558, subdivision (a),
any "person acting on behalf of an employer who violates, or causes to**

19
**be violated" a statute or wage order relating to working hours is
subject to a civil penalty, payable to the affected employee, equal to**

20
**the amount of any underpaid wages. As noted earlier, the Legislature
has provided that aggrieved employees may under certain**

21
**circumstances maintain civil actions to recover such penalties. (§
2699, subd. (a).)** (Emphasis added.)

22

23
As such, both DEFENDANTS are liable pursuant to PAGA where, as here, DEFENDANTS

24
caused the violations at issue.

25
112.     WHEREFORE, PLAINTIFFS request relief as described herein and below.

26

27

28

29

Complaint – Demand for Jury Trial

# VII.    PRAYER

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.      For compensatory damages in an amount according to proof with interest thereon;

2.      For a declaratory judgment that each of the DEFENDANTS violated the PLAINTIFFS' rights under AWPA and the California Labor and Business and Professions Codes, as set forth in the preceding paragraphs;

3.      That DEFENDANTS be ordered and enjoined to make restitution for the unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code;

4.      That DEFENDANTS be enjoined from continuing the unlawful course of conduct, alleged herein;

7.      For premium pay, wages, and penalties;

8.      For attorneys' fees, interest and costs of suit;

9.      For liquidated damages;

11.     For Damages;

12.     For all other relief provided by the AWPA, the California Labor Code and California Business and Professions Code;

13.     For such other and further relief as the Court deems just and proper;

14.     For such other and further relief as the Court deems just and proper pursuant to the procedures detailed in Labor Code § 2698 *et seq.*;

15.     For all provisions of the Labor code violated as described above except those for which a civil penalty is specifically provided, a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, pursuant to Labor Code § 2699;

16.     For all provisions of the Labor code violated as described above for which a civil

Complaint – Demand for Jury Trial

penalty is specifically provided, civil penalties for each aggrieved employee as specifically provided by Labor Code § 2699; and

17.    Pursuant to the procedures detailed in Labor Code § 2698 *et seq*. and § 558, amounts sufficient to recover underpaid wages to DEFENDANTS' workforce.

## VIII.    DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand trial of their claims by jury to the extent authorized by law.

Dated:  September 11, 2009.                    LAW OFFICES OF MALLISON & MARTINEZ

By:___/S/ Stan S. Mallison_____
          Stan S. Mallison
          Hector R. Martinez
          Marco A. Palau, Attorneys for Plaintiffs

31

Complaint – Demand for Jury Trial