1
2
3
4
5
6
7
8             **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RIGOBERTO FLORES et. al.,                    ) CASE NO. 1:09-cv-01618 AWI JLT
                                                   )
12            Plaintiffs,                          )
                                                   ) ORDER DENYING REQUEST TO MODIFY
13            v.                                    ) SCHEDULING ORDER
                                                   )
14   EDWIN GENASCI, et. al,                        ) (Doc. 18)
                                                   )
15            Defendants.                          )
                                                   )
16   _____          )

17   **I.      Current stipulation**

18            On December 8, 2010, the parties filed a stipulation to modify the scheduling order.  (Doc. 18)

19   In essence, the parties seek to suspend all dates set forth in the scheduling order for an undisclosed

20   period of time.  Id.  In addition, the parties caution the Court that they may wish to seek a continuance

21   of the trial date at some unspecified date in the future.  Id.

22            The parties explain that they have entered into this stipulation because they wish to engage in

23   mediation, though a mediator has not been selected, a date for mediation has not been identified and,

24   in fact, neither party is prepared to settle given their admission that they "need time to update their

25   respective exposure calculations and case evaluations . . ." (Doc. 18)

26            Because the parties fail to make a good cause showing, the request to amend the Scheduling

27   Order is **DENIED**.

28   ///

                                                  1

## II.    Analysis

Pursuant to Fed. R. Civ. P. 16(b)(3), district courts must enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery."  A schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).

In Johnson, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, "good cause" requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608.

This case is already 15 months old.  (Doc. 1)  The Court issued the Scheduling Order in this case 11 months ago. (Doc. 15) At that time, the parties assisted the Court in selecting dates that would move the case to completion in an efficient manner. Id. Now, with the non expert discovery deadline looming, the parties seek to be excused from all discovery dates due to their desire to settle the matter but have offered no explanation for their delay in taking steps to do so earlier.[1] Though the Court compliments the parties' willingness to work cooperatively to resolve their dispute, settlement discussions are not an "unanticipated" development that the parties could not have envisioned at the time the Scheduling Order was drafted.

---

[1] Perhaps most disturbing is the parties' apparent belief that the Court would be willing to suspend all discovery dates and place the matter into a state of legal limbo, which would certainly imperil their trial date, without any showing that they have diligently attempted to handle their case within the deadlines they assisted in selecting.

2

1      For these reasons, the Court finds that good cause has not been demonstrated.  Therefore, the

2  request to modify the scheduling order is **DENIED**.

3

4  IT IS SO ORDERED.

5  Dated:   **December 9, 2010**                                              **/s/ Jennifer L. Thurston**
                                                                                      UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28