IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO FLORES et. al., | ) CASE NO. 1:09-cv-01618 AWI JLT |
| Plaintiffs, | ) |
| v. | ) ORDER DENYING SECOND REQUEST TO ) MODIFY SCHEDULING ORDER |
| EDWIN GENASCI, et. al, | ) (Doc. 18) |
| Defendants. | ) |

**I.  Current stipulation**

On December 21, 2010, the parties filed a second stipulation seeking to modify the scheduling order. (Doc. 20) In their first stipulation, filed on December 8, 2010, the parties based their request to modify the Scheduling Order on their wish to engage in mediation, even though they had not yet selected a mediator or a date for mediation and neither party was then prepared to settle the case. (Doc. 18) Also, in essence, the parties sought to suspend all dates set forth in the scheduling order for an undetermined period of time. Id.  On December 9, 2010, the Court denied the stipulation because the parties failed to make a good cause showing to justify the amendment and due to the Court's concern that the parties wished to suspend, rather than extend, all discovery dates. (Doc. 19)

In the current stipulation, the parties assert that they have now scheduled mediation on January 4, 2011, with mediator Dan Quinn. (Doc. 20) Also, they provide the Court with a modified scheduling order with most of the relevant dates included. Id.  However, the proposed schedule is unworkable.

It fails to provide sufficient time for a hearing on non-dispositive motions before dispositive motions must be filed. Also, it fails to provide sufficient time for a hearing and for the Court to evaluate any dispositive motion before the scheduled pretrial conference.[1] Finally and most importantly, the parties continue to fail to set forth good cause for the requested modification to the Scheduling Order. Therefore, for these reasons and those outlined below, the stipulation to amend the Scheduling Order is **DENIED**.

## II.     Analysis

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." <u>Jackson</u>, 186 F.R.D. at 608.

Just as the Court found in its previous order, here, the parties have failed to outline any basis upon which the Court could conclude that there is good cause to modify the Scheduling Order. As the Court stated in its previous order, in and of itself, the parties' desire to enter into mediated settlement discussions is not good cause to modify the scheduling order. Moreover, the parties have not demonstrated that they have diligently attempted to comply with the current case schedule. For example,

---

[1] Generally, Judge Ishii requires that a hearing on dispositive motions be scheduled six weeks after the filing of the motion and that the pretrial conference not occur until eight weeks after the hearing on the dispositive motion.

1  they fail to explain why they have delayed in entering into settlement discussions or how the upcoming
2  mediation makes the current case schedule unworkable. Finally, as outlined above, the proposed
3  modified schedule fails to meet the case management needs of the Court.
4     For these reasons, the Court finds, once again, that good cause has not been demonstrated.
5  Therefore, the request to modify the scheduling order is **DENIED**.

7  IT IS SO ORDERED.
8  Dated:  **December 22, 2010**                         /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE